287 So.2d 99 (1973)
Ronald W. HEUMANN, Appellant,
v.
UNITED NATIONAL BANK OF DADELAND, Appellee.
No. 73-281.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Ralph H. Bearden, Jr., Miami, for appellant.
Myers, Kaplan, Porter, Levinson & Kenin and Thomas R. Spencer, Jr., Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
This appeal is by the plaintiff below from an adverse judgment entered following a non-jury trial.
On January 11, 1972, the appellant mailed to United National Bank of Dadeland, for deposit to his account therein, a check for $18,300 dated May 5, 1971, made by Flovics International, Inc., payable to RTC Corporation and endorsed by the payee. The check was drawn on a bank in Puerto Rico (Banco Economias Y Prestamos, of Hato Rey, Puerto Rico).
On January 14, 1972, the depository bank issued to the depositor an advice of debit of his account for the $18,300 check, as to which it was stated "Debiting your acct. for a check drawn on Puerto Rico. Going out for Coll." The check had been deposited twice previously by the payee in its account in Puerto Rico, and had been returned for insufficient funds on both occasions.
The bank in which the check was deposited in the present instance forwarded the same to the International Department of the United National Bank of Miami for collection. From there the check was sent to the Royal Bank of Canada at Hato Rey, Puerto Rico, where that bank presented the check to the drawee bank. Payment was refused by the latter, for insufficient funds.
On January 28, 1972, the plaintiff attempted to draw funds represented by the deposit, at United National Bank of Dadeland. The bank refused, and informed the plaintiff that earlier that day it had been notified by telegram the check was being returned for insufficient funds. Upon receiving notice of dishonor of the check, the United National Bank of Dadeland debited the account of the plaintiff and credited the account of the above named banks through which the check had passed after deposit for collection. Those two banks, when they received and processed the check for collection had issued provisional credit thereon.
*100 On April 3, 1972, the plaintiff filed this action against United National Bank of Dadeland in which, by reason of the circumstances outlined above, plaintiff contended his account in said bank had been improperly debited, and sought judgment against the defendant bank for the amount of the check.
The bank answered admitting that provisional credit had been extended on the check subject to collection, and that said provisional credit had been revoked when the check was returned by the drawee bank because of insufficient funds, of which it then informed the plaintiff and debited his account. Included in the answer were certain affirmative defenses among which were that conditions set out in writing on the deposit slip had advised plaintiff the check was received by the defendant bank for collection; that the transaction was subject to the provisions of the Uniform Commercial Code and the rules and regulations of the bank that all credits for items deposited for collection were provisional until collected; and that under the statute (§ 674.4-211 Fla. Stat., F.S.A.) upon dishonor of the check the bank was entitled to revoke the provisional credit.
The judgment entered by the trial court in favor of the defendant contained the following findings:
"1. No final settlement was given or ever occurred by operation of law in favor of the Plaintiff.
"2. The defendant bank had the right to revoke the provisional credit to the plaintiff, charge back the amount of the credit given and debit the plaintiff's account, which it lawfully so did."
The plaintiff contends the credit issued by the defendant bank and the other banks through which the check passed for collection amounted to a final settlement, which could not be disavowed after the short period provided therefor in the statute. We find no merit in that contention.
In § 674.4-201(1) it is provided that unless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final the bank is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional. By § 674.4-212(1) a provisional credit given for an item which is received for collection can be charged back by the bank to its customer's account if the bank fails to receive a settlement for the item because of dishonor, suspension of payments by a bank or otherwise.
The provision relied on by the appellant had reference to action following a final settlement. Here, as properly found by the trial judge on the evidence, the credit given was provisional and was revocable when the check was dishonored.
The judgment is affirmed.